UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-11827-RGS

ALEX ISAAC, on behalf of himself
and all others similarly situated

v.

ASHLEY FURNITURE INDUSTRIES, INC.,
and BARGAIN DISCOUNT MARKETS, INC.
(d/b/a BD'S FURNITURE)

MEMORANDUM AND ORDER
ON DEFENDANT ASHLEY FURNITURE'S
MOTION TO DISMISS

October 18, 2017

Plaintiff Alex Isaac, on behalf of a putative class of consumers, brought this claim against defendants Ashley Furniture, Inc. (Ashley), and Bargain Discount Markets, Inc. (BD), in Massachusetts Superior Court alleging violations of the Massachusetts Consumer Protection Statute, Mass. Gen. Laws ch. 93A. Defendants removed the case to the federal district court pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2)(A). The crux of Isaac's Complaint is that Ashley advertised its "DuraBlend" sofa line in a deceptive manner because the trademarked phrase "DuraBlend" and other labeling on the furniture gave consumers, like Isaac, the false impression that they were buying "a durable leather product," when instead

"it peels and disintegrates."[1] Compl. at 1. The court will allow Ashley's motion to dismiss.[2]

The product tag of the sofa in question, a copy of which is attached to Isaac's Complaint, says "DuraBlend blended Leather." It then states, in all capital letters: "57% POLYURETHANE, 25% COTTON, 17% LEATHER." It then adds (again in all capital letters) that "DURABLEND BLENDED LEATHER IS A MATERIAL THAT CONTAINS GROUND, PULVERIZED, SHREDDED, RECONSTITUTED OR BONDED LEATHER, IS NOT WHOLLY THE HIDE OF AN ANIMAL, AND SHOULD NOT BE REPRESENTED AS BEING 100% LEATHER." In other words, the furniture label itself makes clear that DuraBlend is a composite material that contains only seventeen percent leather. Nonetheless, Isaac argues that the Ashley's purported marketing of DuraBlend as "durable blended leather," and the fact

---

[1] Ashley is the manufacturer of the DuraBlend line of sofas, while BD is the Massachusetts-based distributor and store where Isaac purchased his DuraBlend sofa in August of 2012. Compl. ¶¶ 6-7, 10.

[2] Apart from the merits, defendant argues that Isaac's claim is barred by Chapter 93A's four-year statute of limitations, *see* Mass. Gen. Laws ch. 20, § 5A. Plaintiff counters that the statute of limitations should be tolled because he and other class members "could not reasonably have discovered" that the upholstery on the furniture "was not durable and did not have the strength of leather . . . until their furniture began to peel or disintegrate." Compl. ¶ 16. Because plaintiff's claim fails on the face of the Complaint, the court will not address the timeliness of the claim.

that DuraBlend combines the words "durable and blended" would "support[] a reasonable consumer's belief that the DuraBlend upholstery is both durable, and of similar quality, strength, and durability as leather." Compl. ¶ 7.

To state a claim under Chapter 93A, it is axiomatic that "[t]he objectionable conduct must attain a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce." *Levings v. Forbes & Wallace, Inc.*, 8 Mass. App. Ct. 498, 504 (1979). The trumpeting of products through slogans, catch phrases, and focus-grouped puffing by manufacturers and distributors striving to make themselves heard in the din of a consumption-driven marketplace is a facet of daily life to which the reasonable consumer is inured. As in-your-face as Ashley's promotion may be, it does not approach the kind of "immoral, unethical, oppressive, or unscrupulous" conduct that is required for a practice to be deceptive or unfair. *Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.*, 552 F.3d 47, 69 (1st Cir. 2009). Furthermore, where "no reasonable jury could find that the plaintiff's reliance [on the representation] was reasonable," *Massachusetts Laborers' Health & Welfare Fund v. Philip Morris, Inc.*, 62 F. Supp. 2d 236, 242 (D. Mass. 1999),

3

a plaintiff's subjective reliance on a company's product representations or slogans will not justify an inference that the representations were deceptive.

The phrase "DuraBlend" is the type of boilerplate product advertising that courts have routinely held to be non-actionable under Chapter 93A and other state consumer protection statutes because it amounts to mere "puffery" that makes no explicit promise to consumers. *See Mulder v. Kohl's Dep't Stores, Inc.*, 865 F.3d 17, 22 n.5 (1st Cir. 2017) (noting that "advertising of 'amazing prices' in most circumstances is non-actionable puffery [under 93A] because, standing alone, such advertisements do not make an explicit promise or guarantee"); *see also Vitt v. Apple Computer, Inc.*, 469 F. App'x 605, 607 (9th Cir. 2012) (agreeing with the district court that product promotional phrases like "durable" and "high performance" are "generalized, non-actionable puffery" under California's consumer protection law).

Indeed, one federal district court in California has already considered, and rejected, a similar complaint against Ashley and DuraBlend (albeit for alleged violations of California's consumer protection laws).

> In sum, Defendants made no representations to [plaintiff] regarding Ashley's "DuraBlend" Furniture that might have led a reasonable consumer to incorrectly believe that the furniture was constructed with genuine leather . . . Having now been asked to focus directly on the labels and with the benefit of a factual context, it is clear that a jury would have nothing to do. The jury would read the labels, as the Court has done, and inevitably conclude that no reasonable consumer could be misled.

*Juan Alvarez, et al., v. Ashley Furniture Indus., Inc., et al.*, No. 2:16-cv-00630-MWF-MRW, Dkt #106 at 1 (Order Granting Summary Judgment) (C.D. Cal. Sept. 20, 2017).[3]

While Isaac's claim is not identical per se — he argues that the DuraBlend name is deceptive because it suggests it is as durable as leather, rather than made from genuine leather — the same principle articulated by the California district court is persuasive: Isaac fails to state a claim that the use of the name DuraBlend was deceptive.

## ORDER

For the foregoing reasons, Ashley's motion to dismiss is <u>ALLOWED</u> on its own behalf and that of BD.[4]

SO ORDERED.

/s/ Richard G. Stearns

_____

---

[3] The court may take judicial notice of written orders and opinions by state and federal courts, to the extent that they are germane, when evaluating a motion to dismiss. *See Kowalski v. Gagne,* 914 F.2d 299, 305 (1st Cir. 1990) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand").

[4] Isaac makes no effort to differentiate his claim against Ashley from his claim against BD Furniture, the store where Isaac purchased the sofa in question. The court will therefore dismiss *sua sponte* the 93A claim against BD as well.

UNITED STATES DISTRICT JUDGE